IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>ENVIGO RMS, LLC,<br><br>*Defendant*. | Case No. 6:22-00028-NKM<br><br>**EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**EXPEDITED RELIEF REQUESTED** |

The United States respectfully moves for an ex parte temporary restraining order under Federal Rule of Civil Procedure 65(b)(1) against Envigo RMS, LLC ("Envigo"), its officers, agents, servants, employees, and anyone working in active concert with it. As set forth in the accompanying Memorandum of Points and Authorities in Support of Ex Parte Motion for Temporary Restraining Order, the United States is likely to succeed on the merits of its claims that Envigo is violating the Animal Welfare Act ("AWA") and its implementing regulations and standards by failing to provide adequate veterinary care, food of sufficient quantity and nutritive value, and safe and sanitary living conditions to the thousands of beagles at the Cumberland, Virginia facility identified in the Complaint.

The United States requests that the Court enjoin Envigo, its officers, agents, servants, employees, and anyone working in active concert with it from further violating the AWA and its implementing regulations and standards. Specifically, the United States requests that the Court order Envigo to:

1. Provide to undersigned counsel within 7 days of the Court's order an inventory of every dog and puppy at the Cumberland Facility. The inventory must list each beagle individually with its sex, age, unique identification number, and enclosure location and number.

2. Provide to undersigned counsel within 48 hours the name and contact information for the attending veterinarian at the Cumberland Facility and a program of veterinary care that complies with 9 C.F.R. § 3.13.

3. Provide veterinary treatment by a licensed veterinarian, within 10 days of receiving field examination forms from the United States, in accordance with the recommendations set forth on the forms.[1]

4. Provide to undersigned counsel medical records for any veterinary care provided to any dog or puppy at the Cumberland Facility within 72 hours of the animal receiving care or treatment. All medical records must comply with 9 C.F.R. § 3.13(b), and must include:
    a. the unique identification number, identifying marks, sex, and age of the dog;
    b. if a problem is identified (such as a disease, injury, or illness), the date and a description of the problem, examination findings, test results, plan for treatment and care, and treatment procedures performed, when appropriate;
    c. the names of all vaccines and treatments administered and the dates of administration;
    d. the dates and findings/results of all screening, routine, or other required or recommended test or examination.

5. Add to each enclosure within 14 days of the Court's order enough food receptacles so that every weaned puppy and dog in the enclosure can access food at the same time. *See* 9 C.F.R. § 3.9(b).

6. Within 48 hours of the Court's order ensure that every puppy who is no longer housed in the same enclosure with their nursing mother is provided access to potable water from a water receptacle that the puppy can easily drink from without any assistance.

7. Within 48 hours of the Court's order ensure that every beagle is provided uncontaminated, wholesome, palatable food of sufficient quantity and nutritive value to maintain the normal condition and weight of the animal. The diet must be appropriate for the individual animal's age and condition. Envigo must feed each beagle at least once a day. Envigo must seek consent of undersigned counsel or, if undersigned counsel does not consent, a court order to feed any animal less than once a day. *See* 9 C.F.R. § 3.9.

---

[1] During the execution of the warrant issued by this Court, a team of licensed veterinarians will assess beagles at the Cumberland Facility and will document medical treatment that the beagles need on veterinary treatment forms.

8. Comply with the requirement for flooring provided in 9 C.F.R. § 3.6(a)(2)(x) within 14 days of the Court's order.

9. Install solid partitions between all adjacent enclosures within 14 days of the Court's order. *See* 9 C.F.R. § 3.1(a).

10. Comply with the requirement in 9 C.F.R. § 3.7 that only compatible dogs are housed together in an enclosure within 24 hours of this Court's order.

11. Provide notice to undersigned counsel within 72 hours of any dog or puppy found having injuries attributable to or consistent with a fight, as well as wounds of an unknown cause, including lacerations to ears and tail injuries.

12. Have a licensed veterinarian document the death of any dog or puppy and timely perform a necropsy.

13. Provide notice and a copy of the necropsy report to undersigned counsel within 72 hours of receiving the necropsy report from the veterinarian.

14. Immediately cease disposing of any beagle at the Cumberland Facility by transferring from the Cumberland Facility or euthanizing any beagle at the Cumberland Facility without the consent of undersigned counsel or, if undersigned counsel does not consent, a court order. Any euthanasia must be performed by a licensed veterinarian or a licensed veterinary technician who is acting under the direct supervision of a licensed veterinarian.

15. Immediately cease breeding, selling, or otherwise dealing in beagles at the Cumberland Facility, until in full compliance with this order.

16. Provide notice to undersigned counsel within 72 hours of the birth of any puppies, including the number of puppies born, the unique identification number of the dam, and the sex and unique identification numbers assigned to the puppies.

17. Permit unencumbered access to the Cumberland Facility by the United States, its agents and any contractor assisting the United States to check for compliance with any order the Court may issue in response to the United States' motion for temporary restraining order.

DATED: May 19, 2022

Respectfully Submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ Anthony P. Giorno
ANTHONY P. GIORNO
First Assistant United States Attorney
Virginia Bar No. 15830

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

/s/ Mary Hollingsworth
MARY HOLLINGSWORTH
Senior Trial Attorney
Arizona Bar No. 027080
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, Rm. 370
Denver, CO 80202
Mary.hollingsworth@usdoj.gov
303-844-1898
SHAMPA A. PANDA
Trial Attorney
California Bar No. 316218
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Shampa.panda@usdoj.gov | 202-598-3799
Fax: 202-305-0275
*Attorneys for the United States of America*