IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>ENVIGO RMS, LLC,<br><br>*Defendant*. | Case No. 6:22-00028-NKM |

**MOTION FOR CLARIFICATION**

The United States respectfully moves for clarification of the Court's June 17, 2022 Order ("June Order"), which authorized Defendant Envigo RMS, LLC ("Envigo RMS") to fulfill "existing contracts" between Envigo RMS and purchasers. ECF No. 21 at 8. In its partial opposition to the United States' motion for preliminary injunction, Envigo RMS represented that it would wind down the Cumberland Facility's operations by "transferring all dogs currently housed there to new homes, both through adoption and through fulfillment of Envigo's existing contractual obligations to its customers."[1] ECF No. 18 at 5. Specifically, Envigo RMS indicated that it would seek to transfer "more than 500 dogs to new homes" in the next 30 days. *Id*. Envigo RMS now demands that the United States authenticate and approve[2] contracts for the transfer of over 2,200 beagles subject to contracts with delivery dates as far out as July 2023.

---

[1] In its response brief, Envigo RMS specified that "Envigo" was short for "Envigo RMS, LLC." ECF No. 18 at 1.

[2] In its June Order, the Court directed the United States to "review[] for authenticity" and "approve[]" existing contracts to sell dogs from the Cumberland Facility. ECF No. 21 at 8 ¶ 11. The United States has concerns about "approv[ing]" contracts because it is the United States' understanding that such sales may implicate Section 3.2-6511.2 of the Code of Virginia.

1

Moreover, only four of the more than 90 contracts Defendant provided to the United States are contracts that name Envigo RMS as a party. The remaining contracts appear to identify Envigo Global Services, Inc., which is registered as a different entity with the Virginia Secretary of State and is not even a party to this case.[3] The vast difference between Envigo RMS's representations before this Court about the scope of existing contracts it sought to fulfill and the scope of contracts that it now seeks to use the June Order to fulfill has forced the United States to move to clarify the scope of the June Order.

First, Envigo RMS is seeking to fulfill orders for the transfer of more than 2,200 beagles from the Cumberland Facility, a substantially greater figure than the "more than 500 dogs," ECF No. 18 at 5, that Envigo RMS represented it was seeking to deal in in the next 30 days. Envigo represented that it would make available for adoption those beagles not transferred to fulfill upcoming contractual obligations. *Id.* In fact, the remaining beagles can be transferred for adoption shortly after the 30-day mark. Therefore, the scope of existing contracts should ostensibly be for no more than the "more than 500" beagles that Envigo RMS represented it would seek to sell during the time period at issue. The United States seeks to clarify if the June Order allows Envigo RMS to fulfill the orders for the more than 2,200 beagles that it now seeks to sell.

Second, Envigo RMS's demand to transfer over 2,200 beagles is based on its attempt to prefill contracts that, based on the four corners of the documents presented to the United States, are not supposed to be fulfilled until as far out as 13 months from the June Order. This is in stark

---

[3] There is an Envigo Global Services, Inc. with an Animal Welfare Act ("AWA") Class B dealer license. *See* 9 C.F.R. § 1.1 (definition of "Class 'B' licensee"). The United States requested that Envigo RMS confirm that the Envigo Global Services listed on the contracts provided was the same entity that held Class B license 74-B-0332. However, Envigo did not respond to that question.

contrast to Envigo RMS's representation to the Court that it would seek to transfer 500 dogs in the next 30 days, based on the contracts that were past due or would be due in the next 30 days. ECF No. 18 at 5. In reality, Envigo RMS now seeks to transfer 1,400 beagles to fulfill orders with delivery dates in or past August, with more than 200 of those beagles transferred to fulfill orders with delivery dates in 2023. Accordingly, the United States seeks to clarify if the June Order allows Envigo RMS to transfer beagles to prefill orders for delivery dates that are well beyond the time frame in which all the beagles would be removed pursuant to a transfer plan that the Court has directed the parties to prepare.

Third, of the more than 90 contracts provided, only four contracts identify Defendant Envigo RMS as a party to the contract. Nearly every contract that Envigo RMS submitted to the United States for approval lists Envigo Global Services, Inc. as the supplier, not Envigo RMS. In its preliminary injunction response, Envigo RMS stated that it was referring to Envigo RMS, LLC as "Envigo," ECF No. 18 at 1, and requested permission to fulfill "Envigo's existing contractual obligations to its customers," *id.* at 5. The Court quoted Envigo RMS's specific request in the June Order, ECF No. 21 at 2, before authorizing "Envigo" to transfer some beagles from the Cumberland Facility, *id.* at 8. Thus, the June Order appears to permit Defendant Envigo RMS to fulfill only the handful of contracts to which it is a party, not another corporation's contracts, even if that corporation is another Inotiv subsidiary.

Moreover, under the AWA, only one business entity may operate under a particular license. *See* 9 C.F.R. § 2.1(a)(1) ("No person shall operate as a dealer, exhibitor, or operator of an auction sale, without a valid license" except under circumstances that are not applicable here).[4] As two different entities with different Virginia Secretary of State certificate numbers,

---

[4] "Person" is defined as "any individual, partnership, firm, joint stock company, corporation, association, trust, estate, or other legal entity." 9 C.F.R. § 1.1.

3

*compare* Ex. A (Envigo Global Services Entity Information) with Ex. B (Envigo RMS, LLC Entity Information), Envigo RMS and Envigo Global Services must each operate under their own AWA licenses. Further, the United States' Complaint identifies Envigo RMS, LLC, which holds AWA license 32-A-0774, as the Defendant and the beagles at issue in this case are covered by that license. Thus, the United States moves to clarify if the June Order authorizes the sale of only those beagles that are subject to contracts between Envigo RMS and customers.

Fourth, Envigo RMS seeks to fulfill orders for over 1,200 beagles—more than half of the total beagles it seeks to sell—with international customers. The June Order seems to rely on a point emphasized by Envigo RMS—that it is "the second largest producer of canines for use in medical research, producing approximately 25 percent of all beagle dogs used in medical research and drug development in the United States." ECF No. 18 at 2; *see* ECF No. 21 at 6 (noting that "the Cumberland facility in particular 'has historically produced up to 25 percent of the domestic supply of beagles for research'") (quoting Hr. Tr. 63:1–4). Thus, to the extent that the June Order was based on Envigo's representations that the beagles from the Cumberland Facility are necessary for domestic research and, further, for the "domestic supply of beagles for research," the United States seeks clarification on whether the June Order permits Envigo to ship beagles to fulfill international orders.

For the foregoing reasons, the United States respectfully requests that the Court clarify the scope of its June Order.[5] A clarification by the Court may significantly affect the number of

---

[5] Citing 7 U.S.C. § 2149(b), the Court's Order suggests the availability of "[p]unitive consequences, including financial consequences" after a final judgment on the merits. ECF No. 21 at 6. However, Section 2149(b) only authorizes the assessment of civil penalties by the Secretary of Agriculture in the context of an administrative proceeding, and states that the Attorney General may institute a civil action only upon "failure to pay the penalty." 7 U.S.C. § 2149(b). While the United States, acting through the Attorney General, can ask for a declaratory judgment and that this Court "prevent and restrain violations" of the AWA and the regulations and standards promulgated thereunder. 7 U.S.C. § 2146(c), it unfortunately lacks the authority to

beagles that Envigo RMS can use to fulfill existing contracts and those that will be the subject of the joint transfer plan. Because the joint transfer plan will involve one or more non-governmental organizations taking responsibility for making the remaining beagles at the Cumberland Facility available for adoption, the United States also respectfully requests that the Court require the parties to submit a joint transfer plan within 48 hours of the Court's resolution of this motion.

DATED: June 24, 2022

Respectfully Submitted,

| | |
|---|---|
| CHRISTOPHER R. KAVANAUGH<br>United States Attorney | TODD KIM<br>Assistant Attorney General<br>Environment & Natural Resources Division |
| /s/ Anthony P. Giorno<br>ANTHONY P. GIORNO<br>First Assistant United States Attorney<br>Virginia Bar No. 15830 | /s/ Shampa A. Panda<br>SHAMPA A. PANDA<br>Trial Attorney<br>California Bar No. 316218<br>P.O. Box 7611, Ben Franklin Station<br>Washington, D.C. 20044-7611<br>Shampa.panda@usdoj.gov \| 202-598-3799<br>MARY HOLLINGSWORTH<br>Senior Trial Attorney<br>Arizona Bar No. 027080<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>999 18th Street, Rm. 370<br>Denver, CO 80202<br>Mary.hollingsworth@usdoj.gov<br>303-844-1898<br>Fax: 202-305-0275<br>*Attorneys for the United States of America* |

---

seek financial penalties related to those violations in this action.