CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/27/2022
JULIA C. DUDLEY, CLERK
BY:  s/ A. Little
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:22-cv-00028 |
| v. | ORDER |
| ENVIGO RMS, LLC, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

In its preliminary injunction Order, dated June 17, 2022, the Court found that extraordinary relief was warranted to address Defendant's failure to meet its obligations under the Animal Welfare Act to provide humane treatment to the animals housed in Defendant's breeding facility in Cumberland, Virginia. But based on Defendant's representation that it was prepared to transfer "more than 500 dogs" pursuant to existing contracts "within the next 30 days," Dkt. 18 p. 5, the Court also concluded that the balance of equities did not support extending the injunction to prevent Defendant from fulfilling its existing contracts. The Court observed that enjoining Defendant from fulfilling these contracts was not clearly tailored to preventing further irreparable harm because "[i]t stands to reason that for every animal that leaves the facility, whether it be by sale or adoption, there is one fewer animal that can be harmed by the facility's AWA violations." Dkt. 21 p. 5. The Court ended its Order by directing the parties to confer and inform the Court, by 5:00 p.m. on June 22, 2022, of their plan for transferring all remaining animals out of the Cumberland facility. Dkt. 18 p. 8.[1]

---

[1] The deadline was extended to 5:00 p.m. on June 24, 2022, by oral order granting the Government's motion for an extension of time. *See* Dkt. 24.

The Government has notified the Court that Defendant now seeks to prefill contracts containing delivery dates as far out as July 2023, and that it seeks to fill contracts for 2,200 animals—not the "more than 500 dogs" figure represented by Defendant's counsel. *See* Dkt. 26. pp. 1–2. The Government also informs the Court that Defendant is attempting to fill the contracts of a separate entity, another subsidiary of Defendant's parent company called Envigo Global Services, Inc. *See id*. p. 2. Now pending before the Court is the Government's motion for clarification of the scope of its preliminary injunction. Having considered both parties' briefs on the motion, Dkts. 26, 28, the motion, Dkt. 26, is **GRANTED**, and the Court provides the following clarification.

As stated in the Court's previous order, at this preliminary stage the Court is obligated to tailor its relief to the prevention of irreparable harms—the relevant harms in this case being injuries to the animals housed at the Cumberland facility arising from the facility's AWA violations.[2] *See Roe v. Dep't of Def.*, 947 F.3d 207, 231 (4th Cir. 2020) (noting the obligation of district courts to design a preliminary injunction that is "no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs") (quoting *Madsen v. Women's Health Ctr, Inc.*, 512 U.S. 753, 765 (1994)). *See also Trump v. Int.'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017) (emphasizing that "[t]he purpose of such interim equitable relief is not to conclusively determine the rights of the parties"). Thus, the Court declined to prohibit Defendant from fulfilling existing contracts on the understanding that allowing it to do so would facilitate the speedy exit of animals from the Cumberland facility. *Cf*. Dkt. 18 p. 5 (assuring Court that Defendant "only opposes the United States' Motion to the extent it seeks to prevent [Defendant]

---

[2] As the Court noted in its previous Order, *other authorities are not so limited*. The Secretary of Agriculture can seek civil penalties and revocation of Envigo's license through an administrative process. *See* 7 U.S.C. § 2149.

from taking prudent measures to remove dogs from the facility"); Hr. Tr. 11:24–12:5 (assuring

Court that Defendant "has a plan and is prepared to transfer animals to fulfill existing contracts

that they're already late on fulfilling" and to "work with NGOs to put dogs up for adoption").

Because speedy exit was the loadstar of the Court's analysis, **the Court's injunction (as**

**clarified here) only allows sale of animals pursuant to preexisting contracts with dates of**

**delivery within 30 days of the preliminary injunction order.**[3] As used here, the term

"preexisting" refers to the period before May 21, 2022; the date on which the Temporary

Restraining Order was issued. *See* Dkt. 22 p. 3 ¶ 11.

The Court's Order also limited Defendant to the fulfillment of existing contracts.

Anything more would create a financial incentive for Defendant to prolong operations, an

outcome which, again, the Court designed its Order to prevent. Thus, **the Court's injunction (as**

**clarified here) allows sale of animals pursuant to the preexisting terms of preexisting**

**contracts. It does not permit fulfillment of contracts that have since been altered or**

**renegotiated to change material terms—e.g., by changing the date on which a purchase**

**order is set to be filled or by agreeing to fulfill a contract on behalf of a sister company.**[4]

---

[3] The Court understands that Defendant has produced purchase orders for 575 beagles
housed at the Cumberland facility and scheduled for shipment within 30 days of the June 13
preliminary injunction hearing. *See* Dkt. 28 pp. 1–2. The preliminary injunction allows these
contracts to be fulfilled assuming they also comply with the Court's next clarification.

[4] The Court also clarifies, in response to the concern raised in footnote 2 of the
Government's motion, Dkt. 26 p. 1, that the preliminary injunction's provision requiring
Defendant to seek review and approval from the Government of any contract it seeks to fill, Dkt.
22 p. 3 ¶ 11, refers only to approval for compliance with the terms of the Court's preliminary
injunction Order. Such approval, if secured, does not waive any right of the Government's or
excuse any duty of Defendant's. It is no more and no less than a prerequisite to the transfer of
animals pursuant to this Court's preliminary injunction.

It bears repeating that the Court's injunction was built around Defendant's assurances that it is committed to the speedy shut-down of its Cumberland facility.[5] If that center of gravity should not hold, a new determination will have to be made. Nevertheless, the Court realizes that some time is needed for negotiations to incorporate the Court's clarifications. The parties' joint motion for an extension of time, Dkt. 27, is therefore **GRANTED**. The parties shall have until 5:00 p.m. on June 29, 2022, to submit its joint transfer plan. Defendant's motion for consent to proceed with fulfilling existing orders, Dkt. 25, is **DENIED** as mooted by this Order.

\* \* \* \*

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

Entered this 27th day of June 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] The fact that many of Defendant's customers are internationally based does not change the Court's analysis regarding the public interest. *See* Dkt. 26 p. 4.