IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiffs,<br><br>  v.<br><br>ENVIGO RMS, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 6:22-cv-28-NKM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ENVIGO'S MOTION FOR RECONSIDERATION

Envigo RMS, LLC ("Envigo") respectfully moves the Court to reconsider its June 27, 2022 order granting the United States' motion for clarification ("June 27 Order"). The June 27 Order, which appears to be based on the misunderstanding that Envigo has "altered or renegotiated" customer orders since May 21, 2022, which it has not, significantly limits the number of dogs Envigo can transfer from the Cumberland facility to fulfill existing contracts. As clarified, the Court's ruling only allows Envigo to transfer 78 of the more than 3,100 dogs at the facility through contract fulfilment. Thus, the amended ruling frustrates the balanced approach to winding down the Cumberland facility developed by Envigo to support critical medical research, while also allowing for a significant number of adoptions.

As support for this motion, Envigo states as follows:

1. The Court's June 27 Order clarifies that: "the Court's injunction . . . allows sale of animals pursuant to the preexisting terms of preexisting contracts. It does not permit fulfillment of contracts that have since been altered or renegotiated to change material terms—e.g., by

1

changing the date on which a purchase order is set to be filled or by agreeing to fulfill a contract on behalf of a sister company." ECF 30 at 3.  The Court's June 27 Order appears to be premised on the assumption that Envigo has "altered or renegotiated to change materials terms" of its existing contracts.  This is not true.

2.      The Court's preliminary injunction order, dated June 17, 2022, ("June 17 Order") allowed Envigo to transfer dogs from the Cumberland facility by fulfilling "existing contracts", which the order defined as contracts "(1) executed prior to the date the Court's TRO was issued (May 21, 2022) and (2) for animals bred in the Cumberland facility." ECF 21 at 8.  As directed by the June 17 Order, Envigo provided to counsel for the United States true and correct copies of <u>all</u> purchase orders that met the Court's definition of "existing contracts" for authentication.  *See* Declaration of Michael C. Garrett, dated June 23, 2020 ("Garrett Decl."), ECF 25-1 ¶¶ 9-11 (explaining that customer service personnel pulled from the accounting system all contracts for canines bred at the Cumberland facility dated before May 21, 2022).

3.      Consistent with Envigo's prior representations to the Court, these purchase orders covered 575 dogs that were scheduled for shipment within 30 days of the preliminary injunction hearing held on June 13, 2022.  These existing contracts also provided that dogs would be shipped out after the 30-day period.  Envigo provided purchase orders for dogs to be shipped after the initial 30-day period to the United States because they met the Court's definition of "existing contracts."  Critically, however, in accordance with Court's directives, Envigo has not engaged in any communications with its customers to alter or renegotiate the terms of these existing contracts.

4.      Likewise, Envigo has not "altered or renegotiated" to fill the contracts of a separate entity, Envigo Global Services, Inc. ECF 30 at 2.  In the ordinary course of business,

Envigo's sister company, Envigo Global Services, Inc. ("Global Services"), routinely performs support services for Envigo, including taking and invoicing customer orders for beagles bred at the Cumberland facility. The vast majority of the approximately 90 existing contracts provided to counsel for the United States are purchase order acknowledgments for phone, email, and mail orders placed by Envigo's customers through Global Services. Global Services performed these same order and invoicing services for Envigo prior to the United States' complaint and motion for preliminary injunction. Nothing has changed.

5. The Court clarified in its June 27 Order, that its initial ruling was based, in part, on the understanding that Envigo was prepared to transfer more than 500 dogs pursuant to existing contracts within the next 30 days. ECF 30 at 1. As evidenced by the purchase orders provided to counsel for the United States, Envigo is prepared to ship 575 dogs within the next 30 days and believes that doing so is critical to quickly winding down the facility in a manner that mitigates the adverse impact on drug development and testing. By limiting Envigo to fulfilling only those contracts that list "Envigo RMS, LLC," however, the amended ruling allows Envigo to ship only 78 of those 575 dogs.

6. If not reconsidered or clarified, the Court's June 27 Order will prevent Envigo from fulfilling customer orders that are already or will soon be overdue, necessarily delaying planned medical research. In contrast, if the Court makes clear that Envigo is authorized to fulfill orders due within 30 days of the preliminary injunction hearing date, regardless of whether those orders include the words "Envigo Global Services" on them, then Envigo will meet its existing contractual obligations for such orders.

## CONCLUSION

For the reasons stated above, Envigo respectfully requests that the Court reconsider its June 27 Order.  Specifically, Envigo respectfully requests that the Court allow Envigo to fulfill existing contracts with dates of delivery within 30 days of the preliminary injunction hearing on June 13, 2022, regardless of whether the purchase orders include the words "Envigo Global Services," which is consistent with how Envigo ordinarily conducts its business.

Dated: June 28, 2022

Respectfully submitted,

*/s/ Brandon Michael Santos*
John D. Adams (VSB No. 65203)
Brandon M. Santos (VSB No. 75380)
McGuireWoods LLP
Gateway Plaza 800
East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4745
Facsimile: (804) 698-2194
jadams@mcquirewoods.com
bsantos@mcguirewoods.com

/s/ *Benjamin Razi*
Benjamin Razi (D.C. Bar No. 475946)
    (admitted *pro hac vice*)
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5463
Fax: (202) 778-5463
brazi@cov.com

*Counsel for Defendant Envigo RMS, LLC*