IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. ENVIGO RMS, LLC, *Defendant*. | Case No. 6:22-00028-NKM |

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION**

Asserting that the Court's June 27, 2022 Order "appears to be based on [a] misunderstanding," Defendant Envigo RMS, LLC ("Envigo RMS") has filed a motion for reconsideration to allow the transfer of beagles pursuant to contracts entered into by a separate Inotiv subsidiary. ECF No. 31. The United States opposes the motion.

The Court did not "misunderstand[]" the situation, as Envigo RMS asserts. *Id.* at 1. The Court clearly understood that Envigo RMS was attempting to alter or renegotiate material terms of contracts, such as the party to the contract, to fulfill contracts on behalf of another Inotiv subsidiary. *See* ECF No. 30 at 3 (prohibiting Envigo RMS from "agreeing to fulfill a contract on behalf of a sister company"); *see also id.* at 2 ("The Government also informs the Court that Defendant is attempting to fill the contracts of a separate entity, another subsidiary of Defendant's parent company called Envigo Global Services, Inc."). Further, the Court already contemplated that Envigo RMS may end up dealing in fewer than the 575 beagles as a result of its clarification that Envigo RMS can only fulfill preexisting contracts between Envigo RMS and its customers. *See id.* at 3 & n. 3. That Defendant is now authorized to transfer fewer animals

1

than it would like because Envigo RMS entered into only a handful of contracts with delivery dates within 30 days of the Court's preliminary injunction order is of no import. Because the Court has clearly spoken on this issue, the United States respectfully requests that the Court deny Envigo RMS's motion for reconsideration.

      As an Animal Welfare Act-licensed dealer and the owner of the beagles at the Cumberland, Virginia facility ("Cumberland Facility"), Envigo RMS is authorized to enter into contracts to sell beagles at the Cumberland Facility and, in fact, does enter into such contracts as evidenced by the fact that Defendant provided to the United States contracts between Envigo RMS and its customers. Envigo RMS does not deny this in its motion for reconsideration. Instead, Defendant attempts to downplay the fact that it now wants to fulfill orders of another Inotiv subsidiary, thereby trying to alter or renegotiate a material term of the contracts at issue—the party to the contract. These contracts were entered into by a separate subsidiary, which is not a party to this case, is registered as a different entity with the Virginia Secretary of State, and appears to have its own Animal Welfare Act dealer license.[1] For Envigo RMS to suggest that it does not matter which business entity is party to the contract is puzzling at best. ECF No. 31 at 3.

      Contrary to Envigo RMS's assertions, the Court's June 17, 2022 Order does not reflect a less balanced approach simply because Envigo RMS is allowed to fulfill only its own contracts. ECF No. 31 at 1. That is what Envigo RMS asked for, *see* ECF No. 18 at 1, 5, and the number of beagles referenced by the Court was based on Envigo RMS's own representations that the

---

[1] Envigo RMS does not dispute that Envigo Global Services, Inc. possesses its own Animal Welfare Act Class B dealer license. See 9 C.F.R. § 1.1 (definition of "Class 'B' licensee"). As the government noted in its motion for clarification, the United States requested that Envigo RMS confirm that the Envigo Global Services listed on the contracts provided was the same entity that held Class B license 74-B-0332. However, Envigo RMS did not respond to that question. *See* ECF No. 26 at 2 n.3.

number reflected the beagles subject to contracts between *Defendant* and its customers. That Envigo RMS failed to disclose that the number included beagles who are the subject of contracts of a different Inotiv subsidiary does not change the balance struck by the Court.

Finally, denying Defendant's motion has no effect on Envigo RMS's ability to wind down the Cumberland Facility or the Parties' ability to efficiently and humanely remove the beagles remaining at the facility.[2]

DATED: June 29, 2022

Respectfully Submitted,

| | |
|---|---|
| CHRISTOPHER R. KAVANAUGH<br>United States Attorney | TODD KIM<br>Assistant Attorney General<br>Environment & Natural Resources Division |
| /s/ Anthony P. Giorno<br>ANTHONY P. GIORNO<br>First Assistant United States Attorney<br>Virginia Bar No. 15830 | /s/ Mary Hollingsworth<br>MARY HOLLINGSWORTH<br>Senior Trial Attorney<br>Arizona Bar No. 027080<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>999 18th Street, Rm. 370<br>Denver, CO 80202<br>Mary.hollingsworth@usdoj.gov<br>303-844-1898<br>SHAMPA A. PANDA<br>Trial Attorney<br>California Bar No. 316218 |

---

[2] The only thing preventing Defendant from quickly winding down the facility and immediately placing the beagles in their new homes is Envigo RMS. Yet again, on June 28, 2022, Envigo RMS sent the United States a proposed joint transfer plan that fails to specify the number of beagles that the nongovernmental organization identified in the plan has the capacity to take in, fails to identify how long it will take to remove all of the beagles, and includes a provision that allows Envigo RMS to continue dealing by fulfilling new orders despite being out of compliance with the Court's orders. *See* ECF No. 22 at 3 ¶ 12. As the United States has already noted, it presented a transfer plan to transfer the beagles from the Cumberland Facility within 60 days several weeks ago, and the United States believes the transfer can, at this point, be accomplished in even less time.

P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Shampa.panda@usdoj.gov | 202-598-3799
Fax: 202-305-0275
*Attorneys for the United States of America*