CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/30/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:22-cv-00028 |
| v. | ORDER |
| ENVIGO RMS, LLC, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

Three days ago, the Court issued a clarification of a provision within its Preliminary Injunction Order that allows Envigo RMS, LLC ("Envigo") to transfer animals out of its breeding facility in Cumberland, Virginia to fulfill its existing contracts. *See* Dkt. 22 ¶ 11. The Court explained that the Injunction only permits sale of animals pursuant to preexisting contracts with dates of delivery within 30 days of June 17, 2022. Dkt. 30 p. 3. Moreover, the Injunction limits Envigo to the fulfillment of existing contracts according to their preexisting terms. *Id*. The Court ended its clarification by extending, for a second time, the deadline for the parties to file their joint plan for removing all of the animals remaining in the Cumberland facility. *Id*. p. 3.

Envigo filed a motion for reconsideration late Tuesday evening, objecting that the Court's Injunction (as clarified) "significantly limits the number of dogs Envigo can transfer from the Cumberland facility to fulfill existing contracts." Dkt. 31 p. 1. Envigo explains that many of the orders it seeks to fill were placed through a separate entity, Envigo Global Services, Inc., and that fulfilling the contracts of this entity has been part of Envigo's ordinary business practice since before this suit was filed. *Id*. pp. 2–3.

To use Defendant's phrase, "Nothing has changed." *Id*. p. 3. When the Court issued its Injunction on June 17, it gave Envigo no more and no less than what it asked for. Which was to be permitted to fulfill "*Envigo's* contractual obligations to *its* customers." Dkt. 18 p. 5 (emphasis added). Envigo did not mention any other business practice, and it did not ask for any other dispensation.

This is not quibbling. When the Court crafted the terms of the Injunction it was obligated to consider how to best prevent irreparable harm while minimizing and balancing concrete burdens to the parties. *See* Dkt. 21 pp. 3–5. An Order that necessitated a searching, factual inquiry into Envigo's regular business practices would be a distraction from the purpose of the Injunction—a speedy exit for the animals being housed and daily harmed in the Cumberland facility—and would burden the Government with another issue to litigate. The Court would not have entered such an Order. The Injunction contemplated no such thing.

Driving home the point, in feuding over this issue the parties have again been unable to meet the Court's deadline to file their joint plan to expeditiously remove the remaining dogs at the Cumberland facility. *See* Dkt. 33 (joint motion for a third extension of time). When the Court originally ordered the parties to present their joint transfer plan on June 17, it did so on the understanding that both parties were committed to the prompt removal of the animals, *see* Hr. Tr. 11:24–12:5 (assuring Court that Envigo "has a plan and is prepared to transfer animals to fulfill existing contracts that they're already late on fulfilling" and to "work with NGOs to put dogs up for adoption"), and that giving the issue to the parties to propose a joint plan would save valuable time and resources. That has not proven to be true. Accordingly, the parties' joint motion for an extension of time, Dkt. 33, is **DENIED**. The Government has until 1:00 p.m. on July 1, 2022, to submit its plan for the expeditious removal of all dogs remaining at the Cumberland facility.

Envigo may file a proposed plan if it wishes by that time. The parties are further **DIRECTED** to contact the Clerk of Court to schedule a hearing on whether the plan presented by the Government should be incorporated into the Injunction against Envigo.

Because Envigo has not raised any new issue, its motion for reconsideration, Dkt. 31, is **DENIED**.

\* \* \* \*

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

Entered this 30th day of June 2022.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE