CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/15/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

ENVIGO RMS, LLC,

*Defendant.*

Case No. 6:22-00028-NKM

**CONSENT DECREE**

This Consent Decree is entered into by and between Plaintiff, the United States of America, and Defendant, Envigo RMS, LLC ("Envigo RMS") (collectively, "the Parties") who state as follows:

WHEREAS, on May 19, 2022, the United States filed a complaint, alleging that Envigo RMS violated the Animal Welfare Act ("AWA") and its regulations and standards by failing to provide the beagles at Envigo RMS's Cumberland, Virginia facility ("Cumberland Facility") with humane care and treatment by failing to meet the minimum requirements for handling, housing, feeding, sanitation, watering, and adequate veterinary care, 7 U.S.C. §§ 2143(a)(1), 2, 2146(c);

WHEREAS, the Complaint alleges that Envigo RMS failed to create and maintain complete and accurate records, 7 U.S.C. § 2140;

WHEREAS, the United States moved for a temporary restraining order on May 19, 2022;

WHEREAS, the Court issued a temporary restraining order on May 21, 2022, finding that the United States was likely to succeed on the merits of its claims that Envigo RMS had violated the AWA and its regulations and standards;

1

WHEREAS, on June 17, 2022, the Court issued a preliminary injunction;

WHEREAS, on July 1, 2022, the Parties jointly filed a transfer plan, addressing the removal of the approximately 4,000 beagles remaining at the Cumberland Facility;

WHEREAS, on July 5, 2022, the Court approved the Parties' Transfer Plan;

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 7 U.S.C. § 2146(c) (actions arising under the AWA), and over the Parties. Venue lies in the district pursuant to 28 U.S.C. § 1391(b)(2), because the violations alleged in the Complaint are alleged to have occurred in this judicial district and Envigo RMS does business in this judicial district. For purposes of this Consent Decree, or any action to enforce this Consent Decree, Envigo RMS consents to venue in this judicial district and to the Court's continuing jurisdiction over this Consent Decree and any such action and over Envigo RMS.

2. The Consent Decree incorporates by reference the Parties' Transfer Plan, *see* Exhibit A.

3. Envigo RMS shall permanently refrain from any activity requiring an AWA license at 482 Frenchs Store Road, Cumberland, Virginia.

4. The obligations of this Consent Decree apply to and are binding upon the United States and upon Envigo RMS, individually or through any employees, successors,

assigns, or other entities or person otherwise bound by law.

5. Envigo RMS shall provide a copy of this Consent Decree to all employees and agents whose duties might reasonably include compliance with any provisions of this Consent Decree. In any action to enforce this Consent Decree, Envigo RMS shall not raise as a defense its failure to provide a copy of this Consent Decree to any employee or agent or the failure by any employee or agent to take any actions necessary to comply with the provisions of this Consent Decree.

6. Until the Humane Society of the United States ("HSUS") takes physical possession of all beagles at the Cumberland Facility pursuant to the Transfer Plan, Envigo RMS agrees to comply with the Court's June 17, 2022 preliminary injunction, ECF Nos. 21, 22, 30, 34.

7. Envigo RMS, its employees, and agents agree to cooperate with the HSUS, its employees, and agents in the execution of the Transfer Plan. The United States shall direct that the HSUS, its employees, and agents to cooperate with Envigo RMS as provided for in and under the terms of the Transfer Plan.

8. The Court authorizes and directs the United States Marshals Service ("USMS") to deploy all lawful means necessary to ensure officer safety and the safety of all individuals and property involved in carrying out this Consent Decree. USMS is authorized, if necessary, to use reasonable force for this purpose of ensuring safety and to prevent any interference with carrying out its duties. If deemed necessary by the USMS, the USMS may request the assistance of federal, state, and local law enforcement officers, under the direction of the USMS, to ensure the safety of all individuals and property involved in carrying out this Consent Decree.

9. The Order entering this Consent Decree may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Consent Decree or in the event of a dispute arising out of or relating to this Consent Decree, or in the event that either party believes that the other party has failed to comply with any term or condition of this Consent Decree, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with written notice of the claim or modification. The Parties agree that they will meet and confer at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. The Parties agree that they may meet and confer by phone. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

10. The dispute resolution provision in Paragraph 9 shall not apply, and nothing in this Consent Decree will limit the available relief, if the United States obtains evidence that any of the beagles at the Cumberland Facility are being transferred in violation of the Court's orders or the terms of this Consent Decree.

11. This Consent Decree in no way limits or affects any right of entry or inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or licenses, nor does it limit or affect any duty or obligation of Envigo RMS to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, permits, or Court orders.

12. This Consent Decree resolves all civil claims for the violations alleged in the United

States' Complaint filed on May 19, 2022, as well as any administrative claims, including any claims under the AWA, by the United States Department of Agriculture ("USDA") regarding Envigo RMS's operation of the Cumberland Facility through the date of the removal of all remaining beagles provided that Envigo complies with this Consent Decree.

13. This Consent Decree does not bind any criminal prosecuting authority, whether federal, state, or local.

14. Within 7 days of all beagles from the Cumberland Facility being removed from the Cumberland Facility pursuant to the Parties' Transfer Plan, the United States shall move to dismiss the Complaint in this action with prejudice.

15. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree, including but not limited to an action against Envigo RMS for contempt. This Consent Decree shall not be construed to limit the rights of the United States to obtain future injunctive relief under the AWA, and its regulations or standards, or under other federal laws, regulations, or license conditions, except as expressly provided herein, including but not limited to in Paragraph 12.

16. Envigo RMS releases and forever discharges the United States, including but not limited to the United States Department of Justice, USDA, and any other federal, state or local law enforcement agency, contractors, and employees, acting in their individual or official capacities, from any and all claims, rights or causes of action, damages, expenses and costs, known or unknown, which Envigo RMS has or may have against these government agencies and/or their employees and contractors

arising from, related to, or as a result of, any actions with respect to this action.

17. In addition to the limitation of defenses set forth in Paragraph 5 in any subsequent judicial proceeding(s) initiated by the Attorney General for injunctive relief or other appropriate relief relating to Envigo RMS's violations, Envigo RMS shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Attorney General in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 12.

18. Nothing in this Consent Decree shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims alleged against Envigo RMS and settled under this Consent Decree or any similar claims brought in the future by any other party. Except as expressly provided in this Consent Decree, none of the Parties waives or relinquishes any legal rights, claims or defenses it may have. This Consent Decree is executed for the purpose of settling Plaintiff's Complaint, as well as the administrative claims, including any claims under the AWA, by the USDA as addressed in Paragraph 12, and nothing herein shall be construed as precedent having preclusive effect in any other context.

19. This Consent Decree is not a license, or a modification of any license, under any federal, state, or local laws or regulations. Envigo RMS is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local

laws, regulations, and licenses; and Envigo RMS's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Envigo RMS's compliance with any aspect of this Consent Decree will result in compliance with the AWA, or with any other provisions of federal, state, or local laws, regulations, or licenses.

20. The Parties shall bear their own costs of this action, including attorneys' fees.

21. This Consent Decree shall be binding upon the Parties as of the date upon which this Consent Decree is signed and lodged with the Court, unless otherwise provided expressly herein. In the event that the Court declines to enter the Consent Decree, then the requirement to perform duties required by this Consent Decree shall terminate.

22. This Consent Decree constitutes the entire agreement among the Parties regarding the subject matter of the Consent Decree and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the Consent Decree herein.

23. The undersigned Parties and/or their representatives certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Consent Decree and do hereby agree to the terms herein. Specifically, counsel for the United States certifies that they are authorized to resolve any administrative claims, including any claims under the AWA by the USDA, regarding Envigo RMS's operation of the Cumberland Facility through the date of the

removal of the remaining beagles from the Cumberland Facility.

24. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Consent Decree and to resolve any motions to modify or enforce such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

25. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Envigo RMS.

Respectfully submitted,

| | |
|---|---|
| CHRISTOPHER R. KAVANAUGH<br>United States Attorney | TODD KIM<br>Assistant Attorney General<br>Environment & Natural Resources Division |
| /s/ Anthony P. Giorno<br>ANTHONY P. GIORNO<br>First Assistant United States Attorney<br>Virginia Bar No. 15830 | /s/ Mary Hollingsworth<br>MARY HOLLINGSWORTH<br>Senior Trial Attorney<br>Arizona Bar No. 027080<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>999 18th Street, Rm. 370<br>Denver, CO 80202<br>Mary.hollingsworth@usdoj.gov<br>303-844-1898<br>SHAMPA A. PANDA<br>Trial Attorney<br>California Bar No. 316218<br>P.O. Box 7611, Ben Franklin Station<br>Washington, D.C. 20044-7611<br>Shampa.panda@usdoj.gov | 202-598-3799<br>Fax: 202-305-0275<br><br>*Attorneys for the United States of America* |

/s/ Brandon Michael Santos
John D. Adams (VSB No. 65203)
Brandon M. Santos (VSB No. 75380)
McGuireWoods LLP
Gateway Plaza 800
East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4745
Facsimile: (804) 698-2194
jadams@mcguirewoods.com
bsantos@mcguirewoods.com

/s/ Benjamin Razi
Benjamin Razi (D.C. Bar No. 475946)
  (*admitted pro hac vice*)
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5463
Fax: (202) 778-5463
brazi@cov.com

*Counsel for Defendant Envigo RMS, LLC*

ENTERED: 7/15/2022

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE